# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JENNIFER ANNE LANE,**

      **Plaintiff,**

v.                                          **Case No:  6:17-cv-2074-Orl-40DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

___

## REPORT AND RECOMMENDATION

Jennifer Anne Lane (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying her application for disability insurance benefits (DIB).  Doc. 1; R. 1-6, 156-59.  Claimant argued that the Administrative Law Judge (the ALJ) erred by: 1) failing to consider Claimant's former employer's statement regarding Claimant's frequency of absences; and 2) failing to properly evaluate Claimant's testimony.  Doc. 17 at 9-10, 14-16.  For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**.

### I.   THE ALJ'S DECISION

In October 2014, Claimant filed an application for DIB.  R. 12, 156-59.  Claimant alleged a disability onset date of July 13, 2011, but later amended her alleged onset date to September 30, 2014.  R. 12, 32-33, 156-59.

The ALJ issued her decision on March 15, 2017.  R. 12-22.  In her decision, the ALJ found that Claimant had the following severe impairments: sarcoidosis and anxiety.  R. 14.  The ALJ

found that Claimant had a residual functional capacity (RFC) to perform less than a full range of light work as defined by 20 C.F.R. § 404.1567(b).[1]  R. 16.  Specifically, the ALJ found as follows:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she should avoid concentrated exposure to wetness, humidity, vibration and even moderate exposure to fumes, odors and gases. The claimant is limited to simple tasks with occasional interaction with the public. The claimant would be absent from work about one day a month.

*Id.*  The ALJ posed a hypothetical question to the vocational expert (VE) that was consistent with the foregoing RFC determination, and the VE testified that Claimant was capable of performing jobs in the national economy.  R. 48-49.  The ALJ thus found that Claimant was capable of performing jobs that existed in significant numbers in the national economy.  R. 21-22.  Therefore, the ALJ found that Claimant was not disabled between the alleged onset date and the date of the ALJ's decision.  R. 27

## II.   STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted).  The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III.   ANALYSIS

#### A. Failure to Consider Claimant's Former Employer's Statement

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 404.1546(c). In doing so, the ALJ must consider all relevant evidence. 20 C.F.R. § 404.1545(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

Here, Claimant argues that the ALJ failed to consider Claimant's former employer's statement regarding Claimant's frequency of absences.[2]  Doc. 17 at 9-11.  The statement at issue is a written warning to Claimant regarding her excessive absences.  R. 294.  The statement cautions Claimant that further absences will result in termination.  *Id*.  The statement is dated August 27, 2014, about one month prior to Claimant's alleged onset date of September 30, 2014.  *Id*.

Upon review, the undersigned finds that Claimant's argument is without merit.  The ALJ is not required to discuss every piece of evidence so long as the ALJ considered Claimant's condition as a whole.  *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole.'") (citation omitted).  The ALJ did so here.  *See* R. 16-20.  In her decision, the ALJ noted Claimant's issues with absences and clearly considered Claimant's purported inability to attend work regularly.  *See id*.  For instance, the ALJ specifically noted that Claimant lost her job because she was "out sick so much."  R. 17.  And Claimant offered no argument to suggest that the ALJ did not consider Claimant's condition as a whole.  Doc. 17 at 9-11.  To the contrary, Claimant directed the Court to medical records consistent with Claimant's former employer's statement.  *Id*. at 10.  The ALJ's decision indicates that she considered these medical records, and, regardless, Claimant did not argue that the ALJ failed to consider these medical records.  *See* R. 17-18.

---

[2] Claimant seems to argue that her former employer's statement is a non-medical source opinion.  Doc. 17 at 9-10.  But the statement at issue is not an opinion.  *See* R. 294.  Rather, it is a statement of fact regarding past absences and a warning to Claimant that she will be terminated if she does not improve her attendance.  The statement does not offer an opinion as to the cause of Claimant's absences nor does it offer an opinion as to whether Claimant's purported condition will result in future absences.

To the extent Claimant is arguing that the ALJ's decision is not supported by substantial evidence because "Ms. Lane's medical records and her former employer's counseling form supports a finding that Ms. Lane would miss more than one day per month due to her impairments," Claimant waived the argument by raising it in a perfunctory manner. *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Gaskey v. Colvin*, No. 4:12-CV-3833-AKK, 2014 WL 4809410, at *7 (N.D. Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decision) (citing *Singh v. U.S. Atty. Gen*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")).  Regardless, the standard is not whether there is some evidence to support Claimant's position, but whether there is substantial evidence to support the ALJ's decision.  *Barnes*, 932 F.2d at 1358 ("Even if we find that the evidence preponderates against the Secretary's decision, we must affirm if the decision is supported by substantial evidence.") (citation omitted).  And the undersigned finds that the ALJ's RFC determination is supported by substantial evidence.  *See, e.g.*, R. 16-20, 72-79, 458-59, 520-26, 624-26

Accordingly, it is **RECOMMENDED** that the Court reject Claimant's first assignment of error.

### B. Failure to Properly Evaluate Claimant's Testimony

Claimant argues that the ALJ failed to properly evaluate Claimant's testimony. Doc. 17 at 14-16. Although difficult to discern, Claimant appears to argue that the ALJ erred by noting that Claimant "had not returned to her pulmonologist since September 2014 and she was only presently taking over-the-counter Zyrtec." Doc. 17 at 16. Claimant argues that it was error for the ALJ to rely on these facts because Claimant had testified that she did not have medical insurance and was unable to afford medical follow-up and inhalers. *Id.* Claimant did not argue that the ALJ failed to provide *any* reasons for discrediting Claimant's testimony or address the sufficiency of any of the other reasons provided by the ALJ for discrediting Claimant's testimony.

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id.* at § 404.1529(c)(1)-(3). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67

F.3d at 1561-62. The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *See id.* at 1562.

In her decision, the ALJ stated as follows with regard to Claimant's testimony and credibility:

> The claimant testified that she lives with her husband and 14-year-old son. She did clerical work, payroll and answering phones. She worked as a receptionist for a construction company. In 2011, she was missing a lot of work and passing out all the time. They had to call the ambulance. Her boss wanted her to take FMLA to figure out what was going on. She was first told she had lymphoma. She went to an oncologist, had a biopsy, and said she had sarcoidosis. Her disease had progressed in her chest, lungs and lymph nodes since 2011. Then in 2014, they found some lymph nodes in her lungs. She gets sick very easily. She coughs, has sinus problems, shortness of breath and is tired. She has bronchitis a lot a couple years ago. It affected her not being able to talk on the phone. She did not work in 2015 or 2016. She did part-time work but was still missing time at work. Her illness contributed to her panic attacks. She mostly has colds and a dry cough. Her blood pressure was low. She has shortness of breath, which worsens when she exerts herself or talks too fast. On a good day, she can walk a mile but breaths heavy. On a bad day, she does not leave the house or couch. She got sick in January that is still lingering. It is worse at night while sleeping. She uses inhalers and Theraflu when she has the flu. She sometimes gets antibiotics for sinus infections and bronchitis. She would miss at least a day a week when she was working. Other times she missed 3-4 days a week. She needed doctor notes. Her office manager let her quit so she would not be fired. She is still not feeling good and gets the flu sometimes. At least 2-3 weeks of a month she has bad days. She continues to have panic attacks when she is not feeling good. Sometimes she has to turn around and go home when she is not feeling well. She is on the couch 1-2 weeks when her colds are really bad. Her son helps a lot. He does a virtual school and is always home. He does the dishes and cleans the bathroom. She cannot be around cleaning fumes. Her two other children are out of the home. She makes sure her son is doing his schoolwork. She stays around the house and watches television. She tries to go for a walk. She is supposed to use an inhaler but has no insurance. She takes over the counter Zyrtec. She has been on steroids before but she cannot afford it. Her husband's work pays for his insurance only. She tried Obamacare but it is too expensive. Her fainting spells have subsided.
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

> A state agency physician (Exhibit 4A) had the opportunity to review the medical evidence and opined that the claimant could sit, stand and walk six hours in an eight-hour workday, lift 50 pounds occasionally and 25 pounds frequently. The claimant should avoid concentrated exposure to wetness, humidity as well as concentrated exposure to fumes, odors, dusts and gases. The claimant has a diagnosis of sarcoidosis since 2011 (Exhibit 7F/7). She did not seek pulmonary treatment again until April 2014. At that time, her lungs were clear. An x-ray showed no infiltration. A spirometry study was within normal limits (Exhibit 14F/15). The claimant had a couple episodes of bronchitis prior to her alleged onset date. However, her breath sounds were normal with no wheezing (Exhibit 15F). The claimant even reported that she was able to jog ½ mile several times a week (Exhibit 15F/41). She did have occasional wheezing on that visit but normal breath sounds (Exhihit15F/42). She returned for follow-up with her pulmonologist in September 2014 and reported significant improvement of symptoms with prednisone. A CT scan showed her pulmonary nodules unchanged and no new nodules since her last evaluation. Her mediastinal adenopathy was unchanged (Exhibit 14F/20). The claimant has not returned to her pulmonologist since September 2014. She was seen in the emergency room in November 2014 for an anxiety attack. On the examination, she had normal breath sounds. The neurological evaluation showed no motor deficits, no sensory deficits and a normal gait (Exhibit 16F /8). She has not required any emergency room visits or hospitalizations since that time. Presently, she is taking only over the counter Zyrtec. She denied taking any pain medications (Exhibit 6E). The undersigned accords great weight to the opinion of the state agency; however, due to her complaints she would be limited to light exertion and may miss a day of month due to sickness. In summary, the claimant can perform the wide range of light exertion.

R. 19-20.  In addition, the ALJ noted in her decision that Claimant was found to have or reported having no motor or sensory deficits, mild intermittent cough, mild intermittent wheezing during exercise, good sleep quality, normal heart rate and respiratory effort, lungs clear to auscultation without wheezing, normal breath sounds, and normal gait.  R. 16-18

At the outset, the undersigned notes that to the extent Claimant was attempting to argue that the reasons provided by the ALJ for discrediting Claimant's testimony were boilerplate, Claimant waived the argument by raising it in a perfunctory manner.  *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2.  Regardless, the undersigned finds that the reasons provided by the ALJ for discrediting Claimant's testimony were not boilerplate.  *See* R. 16-20.  The ALJ discussed

Claimant's testimony in detail, repeatedly made note of Claimant's mild symptoms and normal breath sounds, and noted that Claimant had not required any emergency room visits or hospitalizations since November 2014 when she presented to the emergency room because of an anxiety attack. *Id.* The ALJ's reasons are supported by substantial evidence. *See, e.g.*, R. 72-77, 458-59, 520-26, 624-26. And Claimant offered no argument to suggest that the ALJ's reasons were not supported by substantial evidence

With regard to Claimant's specific argument that the ALJ erred by relying on the fact that Claimant had not returned to her pulmonologist since 2014 and that Claimant was only taking Zyrtec, the undersigned finds that Claimant's argument is without merit. As previously noted, Claimant did not challenge any of the other reasons that the ALJ provided for discrediting Claimant's testimony, and, therefore, conceded that the other reasons provided by the ALJ were proper. Further, the undersigned has found that the other reasons offered by the ALJ are supported by substantial evidence. Thus, Claimant conceded, and the undersigned finds, that any error the ALJ may have committed was harmless. *See Wilson v. Comm'r of Soc. Sec.*, 500 F. App'x 857, 859-60 (11th Cir. 2012) (noting that remand was unwarranted even if the ALJ cited an improper finding to support his adverse credibility determination because there was sufficient evidence within the record to support the ALJ's other reasoning for his adverse credibility determination); *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (holding that an ALJ's failure to consider a claimant's inability to afford treatment did not constitute reversible error when the ALJ did not rely primarily on a lack of treatment to find that the claimant was not disabled); *cf. D'Andrea v. Comm'r of Soc. Sec. Admin.*, 389 F. App'x 944, 948 (11th Cir. 2010) (per curiam) (rejecting argument that ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it.");

*Gilmore v. Astrue*, 2010 WL 989635, at *14-18 (N.D. Fla. Feb. 18, 2010) (finding that the ALJ's decision to discount a treating physician's opinion was supported by substantial evidence, even though two of the many reasons articulated by the ALJ were not supported by substantial evidence). In addition, the undersigned notes that the ALJ simply mentioned the fact that Claimant had not returned to her pulmonologist since 2014 and that Claimant was only taking Zyrtec as part of a long list of reasons for discrediting Claimant's testimony, and did not unduly focus on or emphasize the matter.[3] Finally, the undersigned notes that Claimant provided no persuasive argument to suggest that the ALJ's alleged error was harmful.[4]

Accordingly, it is **RECOMMENDED** that the Court reject Claimant's second assignment of error.

### IV.     CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the final decision of the Commissioner; and

2. Direct the Clerk to enter judgment in favor of the Commissioner and against Claimant, and close the case.

---

[3] Also, the ALJ specifically noted in her decision that Claimant reported being unable to afford treatment. R. 19.

[4] Claimant cited *Wolfe v. Comm'r of Soc. Sec.*, 2012 WL 3264916 (M.D. Fla. Aug. 10, 2012), but provided no argument to explain why *Wolfe* applies to the specific facts at issue in the instant case. Doc. 17 at 16. Regardless, the undersigned is persuaded by the Eleventh Circuit Court of Appeals' decision in *Wilson*. 500 F. App'x at 859-60 (noting that remand was unwarranted even if the ALJ cited an improper finding to support his adverse credibility determination because there was sufficient evidence within the record to support the ALJ's other reasoning for his adverse credibility determination).

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 29, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy